PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases *1057 (Committee) has submitted proposed new Standard Criminal Jury Instructions 20.13, Fraudulent Use or Possession of Personal Identification Information, and 20.17, Fraudulent Use or Possession of Personal Identification Information Concerning a Deceased Individual. The Committee asks that the Court authorize the proposed standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Previously, on December 1, 2006, the Committee filed Report No. 2006-02, concerning twenty-three proposals to the Standard Jury Instructions in Criminal Cases. The Court authorized for publication and use all of the Committee’s proposals except for proposed new instructions 20.13 and 20.17. In re Standard Jury Instructions in Criminal Cases—Report No. 2006-2, 962 So.2d 310 (Fla.2007). The Court referred those proposed instructions back to the Committee by letter on July 16, 2007, for submission of revised proposals for new instructions 20.13 and 20.17, which are now before the Court.
Chapter 2005-229, Laws of Florida, amended section 817.568, Florida Statutes, thereby creating new offenses for identity theft. Instructions 20.13 and 20.17 are new instructions covering those offenses established by sections 817.568(2) (fraudulent use or possession of personal identification information without consent) and 817.568(8) (fraudulent use or possession of personal identification information of a deceased person), respectively. The offenses include provisions for felony reclassification where the offense was facilitated or furthered by use of a public record, § 817.568(5), and where, for the purpose of obtaining or using personal information, the individual misrepresents himself or herself to be a law enforcement officer; an employee or representative of a bank, credit card company, credit counseling company, or credit reporting agency; or wrongfully misrepresents that he or she is assisting the victim with the victim’s credit history. § 817.568(10). Each instruction directs that the jury is to make these findings if applicable.
In addition, with offenses based upon fraudulent use of personal identification information, as opposed to fraudulent possession, the felony classification and mandatory minimum penalty is determined based upon the pecuniary benefit, the value of the services received, the payment to be avoided, the amount of injury or fraud perpetrated, or the number of individuals whose personal identification information was fraudulently used. § 817.568(2), (8), Fla. Stat. (2007). Once again, the jury is instructed to make the finding as to pecuniary harm or number of victims or both under both new instructions 20.13 and 20.17.
Having considered the Committee’s report and the one comment filed, we hereby authorize the publication and use of the instructions, as set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix[1] shall be effective when this opinion becomes final.
It is so ordered.
*1058 LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
20.13 FRAUDULENT USE OR POSSESSION OF PERSONAL IDENTIFICATION INFORMATION
§ 817.568(2), Fla. Stat.
To prove the crime of Fraudulent [Use] [Possession] of Personal Identification Information, the State must prove the following two elements beyond a reasonable doubt:
L (Defendant) willfully and without authorization [fraudulently used] [possessed with intent to fraudulently use] personal identification information concerning (victim).
2. [He] [She] did so without first obtaining the consent of (victim).

Definitions.

“Willfully” means intentionally and purposely.
“Fraudulently” means purposely or intentionally suppressing the truth or perpetrating a deception or both.
“Authorization” means empowerment, permission, or competence to act.
“Personal identification information” means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother’s maiden name, official state or United States issued driver’s license or identification number, alien registration number, government passport number, employer or taxpayer’s identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person’s financial resources.

Enhanced penalty. Give if applicable.

If you find the defendant guilty of Fraudulent Use of Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that:

Give only if Fraudulent Use is charged.

The pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $5000 or more.
The pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $50,000 or more.
The pecuniary benefit, the value of the services received, the payment *1059 sought to be avoided, or the amount of the injury or fraud perpetrated was $100,000 or more.
The defendant fraudulently used the personal identification information of 10 or more but fewer than 20 individuals without their consent.
The defendant fraudulently used the personal identification information of 20 or more but fewer than 30 individuals without their consent.
The defendant fraudulently used the personal identification information of 30 or more individuals without their consent.

Give in all cases if charged.

The crime was facilitated or furthered by the use of a public record.
The defendant misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].
The defendant wrongfully represented that [he] [she] was seeking to assist the victim with the victim’s credit history.
Lesser Included Offenses
FRAUDULENT USE OR POSSESSION OF PERSONAL IDENTIFICATION INFORMATION — 817.568(2)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None__
Attempt 777.04(1) 5.1
Harassment by use of 817.568(4) personal identification information
Comment
This instruction was adopted in 2008.
20.17 FRAUDULENT USE OR POSSESSION OF PERSONAL IDENTIFICATION INFORMATION CONCERNING A DECEASED INDIVIDUAL
§ 817.568(8), Fla. Stat.
To prove the crime of Fraudulent [Use] [Possession] of Personal Identification Information Concerning a Deceased Individual, the State must prove the following two elements beyond a reasonable doubt:
L (Defendant) willfully and without authorization [fraudulently used] [possessed with intent to fraudulently use] personal identification information concerning (victim).
2. (Victim) was deceased.

Definitions.

“Willfully” means intentionally and purposely.
“Fraudulently” means purposely or intentionally suppressing the truth or perpetrating a deception or both.
“Authorization” means empowerment, permission, or competence to act.
*1060 “Personal identification information” means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother’s maiden name, official state or United States issued driver’s license or identification number, alien registration number, government passport number, employer or taxpayer’s identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person’s financial resources.

Enhanced penalty. Give if applicable.

If you find the defendant guilty of Fraudulent Use of Personal Identification Information of a Deceased Individual, you must then determine whether the State has further proved beyond a reasonable doubt that:

Give only if Fraudulent Use is charged.

The pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $5000 or more.
The pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $50,000 or more.
The pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $100,000 or more.
The defendant fraudulently used the personal identification information of 10 or more but fewer than 20 individuals without their consent.
The defendant fraudulently used the personal identification information of 20 or more but fewer than 30 individuals without their consent.
The defendant fraudulently used the personal identification information of 30 or more individuals without their consent.

Give in all cases if applicable.

The crime was facilitated or furthered by the use of a public record.
The defendant misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].
The defendant wrongfully represented that [he] [she] was seeking to assist the victim with the victim’s credit history.
*1061 Lesser Included Offenses
FRAUDULENT USE OR POSSESSION OF PERSONAL IDENTIFICATION INFORMATION CONCERNING A DECEASED INDIVIDUAL — 817.568(8)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04(1) 5.1
Comment
This instruction was adopted in 2008.

. The amendments as reflected in the appendix to this opinion are to the Criminal Jury *1058 Instructions as they appear on the Court's website at www.floridasupremecourt.org/ juiy_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.