# Supreme Court of Florida

_____

No. SC16-782

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES— REPORT 2016-03.**

[October 27, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard criminal jury instructions:  3.13 (Submitting Case to Jury); 20.13 (Fraudulent Use or Possession of Personal Identification Information); 20.14 (Harassment by Use of Personal Identification Information); 20.15 (Fraudulent Use of Personal Identification Information of a [Minor] [Person Sixty Years of Age or Older]); 20.16 (Fraudulent Use of Personal Identification Information of a [Minor] [Person 60 Years of Age or Older] by a Parent, Guardian, or Person Who Exercised

Custodial Authority); 20.17 (Fraudulent Use or Possession of Personal Identification Information Concerning a Deceased Individual); 20.18 ([Fraudulent Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Counterfeit Personal Identification Information); and 20.21 (Fraudulent Use of Personal Identification Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder] [State Employee] [Federal Employee]).  In addition, the Committee proposes amending instruction 2.08 (Verdict and Submitting Case to Jury), pertaining to "Special Proceedings," specifically "Involuntary Civil Commitment of Sexually Violent Predators."  The Committee published its proposals in The Florida Bar News.  No comments were received by the Committee.  Post-publication, the Committee made minor changes to instructions 20.13, 20.17, and 20.21.  The Court did not publish the proposals after they were filed.

The more significant changes to the standard criminal jury instructions are discussed below.  First, both instructions 2.08 (Verdict and Submitting Case to Jury) and 3.13 (Submitting Case to Jury) are amended to add the following sentence to the instructions:  "If you have voted, do not disclose the actual vote in the note."  This change is supported by Scoggins v. State, 691 So. 2d 1185, 1186-88 (Fla. 4th DCA 1997), which stated that knowing the numerical divisions within the jury could lead the trial judge to interact inappropriately with the jurors.

Next, in instructions 20.14 (Harassment by Use of Personal Identification Information) and 20.18 ([Fraudulent Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Counterfeit Personal Identification Information), the language pertaining to enhanced penalties is removed from the italicized instruction to the judge, and the following paragraph is added to the Comment section of the instructions:  "There are two possible enhanced penalties for this crime.  See § 817.568(5), and § 817.568(10), Fla. Stat.  If one of those enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding."

The remaining amendments to the standard jury instructions are straightforward and generally track the language of the offenses instructed upon.

Having considered the Committee's report, we authorize the standard jury instructions for publication and use as proposed by the Committee.

The amended criminal jury instructions and the amended involuntary civil commitment of sexually violent predators jury instruction, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1]  New

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 3.13 SUBMITTING CASE TO JURY

In just a few moments you will be taken to the jury room by the [court deputy] [bailiff]. The first thing you should do is choose a foreperson who will preside over your deliberations. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. It is also the foreperson's job to sign and date the verdict form when all of you have agreed on a verdict and to bring the verdict form back to the courtroom when you return.

During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. **Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].**

*Give if judge has allowed jurors to keep their electronic devices during the trial.*

Many of you may have cell phones, tablets, laptops, or other electronic devices here in the courtroom. The rules do not allow you to bring your phones or any of those types of electronic devices into the jury room. Kindly leave those devices on your seats where they will be guarded by the [court deputy] [bailiff] while you deliberate.

~~Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].~~

If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. **If you have voted, do not disclose the actual vote in the note.**

**If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.**

*Give if applicable.*
**During the trial, [an item] [items] [was] [were] received into evidence as [an] exhibit[s]. You may examine whatever exhibit[s] you think will help you in your deliberations.**

*Give a or b as appropriate.*
**[The[se] exhibit[s] will be sent into the jury room with you when you begin to deliberate.]**

**[If you wish to see an[y] exhibit[s], please request that in writing.]**

**In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.**

### Comment
This instruction was adopted in 1981 and was amended in 2000 [777 So. 2d 366], 2003 [850 So. 2d 1272], 2010 [52 So. 3d 595], 2012 [141 So. 3d 132], and 2014 [152 So. 3d 529], and 2016.

## 20.13 FRAUDULENT USE OR POSSESSION WITH INTENT TO FRAUDULENTLY USE OF PERSONAL IDENTIFICATION INFORMATION
§ 817.568(2), Fla. Stat.

**To prove the crime of [Fraudulent [Use] [Possession] of] [Possession with Intent to Fraudulently Use] Personal Identification Information, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **willfully and without authorization [fraudulently used] [possessed with intent to fraudulently use] personal identification information concerning** (victim)**.**

- 6 -

**2.** **[He] [She] did so without first obtaining the consent of** (victim)**.**

*Definitions.*
**"Willfully" means intentionally, <u>knowingly,</u> and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception or both.**

*§ 817.568(1)(b), Fla. Stat.*
**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific <u>person</u>~~individual~~, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*§ 817.568(1)(e), Fla. Stat.*
<u>**The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.**</u>

*Enhanced penalty. Give if applicable.*
**If you find ~~the defendant~~**(defendant) **guilty of Fraudulent Use of Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that:**

*Give only if Fraudulent Use is charged.*
*§ 817.568(2), Fla. Stat.*
~~T~~the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $5,000 or more.

~~T~~the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $50,000 or more.

~~T~~the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $100,000 or more.

~~The defendant~~[he] [she] fraudulently used the personal identification information of 10 or more but fewer than 20 persons~~individuals~~ without their consent.

~~The defendant~~[he] [she] fraudulently used the personal identification information of 20 or more but fewer than 30 persons~~individuals~~ without their consent.

~~The defendant~~[he] [she] fraudulently used the personal identification information of 30 or more persons~~individuals~~ without their consent.

*~~Give in all cases if charged.~~*
*§ 817.568(5), Fla. Stat.*
~~T~~the crime was facilitated or furthered by the use of a public record.

*§ 817.568(10), Fla. Stat.*
~~The defendant~~(defendant) misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].

*§ 817.568(10), Fla. Stat.*
~~The defendant~~(defendant) wrongfully represented that [he] [she] was seeking to assist ~~the victim~~(victim) with ~~the victim's~~(victim's) credit history.

## Lesser Included Offenses

| FRAUDULENT USE OR POSSESSION WITH INTENT TO FRAUDULENTLY USE ~~OF~~ PERSONAL IDENTIFICATION INFORMATION — 817.568(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Harassment by use of personal identification information | 817.568(4) | 20.14 |

**Comment**

This instruction was adopted in 2008 [980 So. 2d 1056] and amended in 2016.


## 20.14 HARASSMENT BY USE OF PERSONAL IDENTIFICATION INFORMATION
§ 817.568(4), Fla. Stat.

**To prove the crime of Harassment by Use of Personal Identification Information, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **willfully and without authorization [possessed] [used] [attempted to use] personal identification information concerning** (victim)**.**

2. **[He] [She] did so without first obtaining the consent of** (victim)**.**

3. **[He] [She] did so with the purpose of harassing** (victim)**.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 817.568(1)(b), Fla. Stat.*
**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person~~individual~~, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*§ 817.568(1)(e), Fla. Stat.*
**The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.**

*§ 817.568(1)(c), Fla. Stat.*
**"Harass" means to engage in conduct directed at a specific person that is intended to cause substantial emotional distress to such person and serves no legitimate purpose. "Harass" does not mean to use personal identification information for accepted commercial purposes and does not include constitutionally protected conduct such as organized protests.**

*Enhanced penalty. Give if applicable. See § 817.568(5) and (10), Fla. Stat., which if alleged will require an interrogatory.*

**Lesser Included Offenses**

| HARASSMENT BY USE OF PERSONAL IDENTIFICATION INFORMATION — 817.568(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO** |
| None | | | |
| | Attempt (possession only) | 777.04(1) | 5.1 |

**Comments**

There are two possible enhanced penalties for this crime. See § 817.568(5), and § 817.568(10), Fla. Stat. If one of those enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2016.


**20.15 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON SIXTY YEARS OF AGE OR OLDER]**
§ 817.568(6), Fla. Stat.

**To prove the crime of Fraudulent Use of Personal Identification Information of a [Minor] [Person Sixty Years of Age or Older], the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **willfully and without authorization fraudulently used personal identification information concerning** (victim)**.**

2.  **At the time,** (~~V~~victim) **was [younger than 18 years of age] [60 years of age or older].**

3.  (Defendant) **did so without first obtaining the consent of** (victim) **[or [his] [her] legal guardian].**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

- 11 -

*§ 817.568(1)(b), Fla. Stat.*

**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*

**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person~~individual~~, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*§ 817.568(1)(e), Fla. Stat.*

**<u>The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.</u>**

**Lesser Included Offenses**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON SIXTY YEARS OF AGE OR OLDER — 817.568(6)] | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Fraudulent Use of Personal Identification Information | | 817.568(2)(a) | 20.13 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*The part of § 817.568(2)(a), Fla. Stat., that covers the defendant willfully and without authorization fraudulently using the victim's personal identification information is a necessary lesser included offense of this crime. However, the part of § 817.568(2)(a), Fla. Stat. that covers the defendant possessing personal identification information with intent to fraudulently use is not.

There are two possible enhanced penalties for this crime. See § 817.568(5), and § 817.568(10), Fla. Stat. If one of those enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2015 [176 So. 3d 938], and 2016.

**20.16 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER] BY A PARENT, GUARDIAN, OR PERSON WHO EXERCISED CUSTODIAL AUTHORITY**
§ 817.568(7), Fla. Stat.

**To prove the crime of Fraudulent Use of Personal Identification Information of a [Minor] [Person 60 Years of Age or Older] by a [Parent] [Guardian] [or] [Person who Exercised Custodial Authority], the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **willfully and fraudulently used personal identification information concerning** (victim)**.**

2.  **At the time,** (Vvictim) **was [younger than 18 years of age] [60 years of age or older].**

3.  (Defendant) **was [the parent of] [the legal guardian of] [exercised custodial authority over]** (victim) **at the time.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

- 13 -

**"Fraudulently"** means purposely or intentionally suppressing the truth or perpetrating a deception.

*§ 817.568(1)(f), Fla. Stat.*

**"Personal identification information"** means any name or number that may be used, alone or in conjunction with any other information, to identify a specific ~~person~~individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.

*§ 817.568(1)(e), Fla. Stat.*

**The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.**

**Lesser Included Offenses**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER] BY A [PARENT] [GUARDIAN] [PERSON WHO EXERCISED CUSTODIAL AUTHORITY] — 817.568(7) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

There are two possible enhanced penalties for this crime. § 817.568(5) and § 817.568(10), Fla. Stat. I~~d~~f one of these enhanced penalties is charged, a special

instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2015 [176 So. 3d 938] and 2016.

**20.17 FRAUDULENT USE OR POSSESSION WITH INTENT TO FRAUDULENTLY USE OF PERSONAL IDENTIFICATION INFORMATION CONCERNING A [DECEASED INDIVIDUAL] [DISSOLVED BUSINESS ENTITY]**
§ 817.568(8), Fla. Stat.

**To prove the crime of [Fraudulent [Use] [Possession] of] [Possession with Intent to Fraudulently Use] Personal Identification Information Concerning a [Deceased Individual] [Dissolved Business Entity], the State must prove the following two elements beyond a reasonable doubt:**

1.    (Defendant) **[willfully and ~~without authorization~~ [fraudulently used] [possessed with intent to fraudulently use] personal identification information concerning** (victim)**.**

2.    **At the time,** (~~V~~victim) **was a [deceased individual] [dissolved business entity].**

*Definitions. Give as applicable.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception or both.**

**~~"Authorization" means empowerment, permission, or competence to act.~~**

*§ 817.568(1)(d), Fla. Stat.*
**"Individual" means a single human being and does not mean a firm, association of individuals, corporation, partnership, joint venture, sole proprietorship, or any other entity.**

- 15 -

*§ 817.568(1)(f), Fla. Stat.*

**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person or dissolved business entity~~individual~~, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*Enhanced penalty. Give if applicable.*

**If you find ~~the defendant~~(defendant) guilty of Fraudulent Use of Personal Identification Information of a [Deceased Individual] [Dissolved Business Entity], you must then determine whether the State has further proved beyond a reasonable doubt that:**

*Give only if Fraudulent Use is charged.*
*§ 817.568(8), Fla. Stat.*

**~~T~~the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $5,000 or more.**

**~~T~~the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $50,000 or more.**

**~~T~~the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $100,000 or more.**

**~~The defendant~~[he] [she] fraudulently used the personal identification information of 10 or more but fewer than 20 [deceased individuals] [dissolved business entities]~~without their consent.~~**

~~The defendant~~[he] [she] fraudulently used the personal identification information of 20 or more but fewer than 30 [<u>deceased </u>individuals] [<u>dissolved business entities</u>]~~without their consent.~~

~~The defendant~~[he] [she] fraudulently used the personal identification information of 30 or more [<u>deceased </u>individuals] [<u>dissolved business entities</u>] ~~without their consent.~~

*Give in all cases if applicable.*
*§ 817.568(5), Fla. Stat.*
~~T~~the crime was facilitated or furthered by the use of a public record.

*§ 817.568(10), Fla. Stat.*
~~The defendant~~(defendant) misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].

~~The defendant~~(defendant) wrongfully represented that [he] [she] was seeking to assist ~~the victim~~(victim) with ~~the victim's~~(victim's) credit history.

**Lesser Included Offense~~s~~**

| FRAUDULENT USE OR POSSESSION <u>WITH INTENT TO FRAUDULENTLY USE</u>~~OF~~ PERSONAL IDENTIFICATION INFORMATION CONCERNING A [DECEASED INDIVIDUAL] [DISSOLVED BUSINESS ENTITY] — 817.568(8) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**
This instruction was adopted in 2008 <u>[980 So. 2d 1056]</u> and amended in <u>2016</u>.

# 20.18 [FRAUDULENT CREATION OF], [FRAUDULENT USE OF] ~~OR~~ [POSSESSION WITH INTENT TO FRAUDULENTLY USE] ~~OF~~ COUNTERFEIT PERSONAL IDENTIFICATION INFORMATION
§ 817.568(9), Fla. Stat.

To prove the crime of [Fraudulent ~~[~~Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] ~~of~~ Counterfeit Personal Identification Information, the State must prove the following three elements beyond a reasonable doubt:

1.    (Defendant) **willfully and fraudulently [created] [used] [possessed with intent to fraudulently use] counterfeit or fictitious personal identification information.**

*Give 2a or 2b as applicable.*
2.    a.    **The personal identification information concerned a fictitious individual.**

      b.    **The personal identification information concerned a real individual whose consent had not first been obtained.**

3.    **[He] [She] did so with intent to commit or facilitate the commission of a fraud on another person.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

~~**"Authorization" means empowerment, permission, or competence to act.**~~

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person~~individual~~, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food**

**stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*§ 817.568(1)(g), Fla. Stat.*
**"Counterfeit or fictitious personal identification information" means any counterfeit, fictitious or fabricated information in the similitude of the data just defined to you that, although not truthful or accurate, would in context lead a reasonably prudent person to credit its truthfulness and accuracy.**

*§ 817.568(1)(e), Fla. Stat.*
**The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.**

*Enhanced penalty. Give if applicable. See § 817.568(5) and (10), Fla. Stat., which if alleged will require an interrogatory.*

**Lesser Included Offenses**

| FRAUDULENT CREATION, USE OR POSSESSION OF COUNTERFEIT PERSONAL IDENTIFICATION INFORMATION — 817.568(9) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**
There are two possible enhanced penalties for this crime. See § 817.568(5), and § 817.568(10), Fla. Stat. If one of those enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2016.

**20.21 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [DISABLED ADULT] [PUBLIC SERVANT] [VETERAN] [FIRST RESPONDER] [STATE EMPLOYEE] [FEDERAL EMPLOYEE]**
§ 817.568(11), Fla. Stat.

To prove the crime of Fraudulent Use of Personal Identification Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder] [State Employee] [Federal Employee], the State must prove the following three elements beyond a reasonable doubt:

1.  (Defendant) **willfully and without authorization fraudulently used personal identification information concerning** (victim)**.**

2.  <u>**At the time,**</u> (V̶victim) **was [a disabled adult] [a public servant] [a veteran] [a first responder] [a state employee] [a federal employee].**

3.  (Defendant) **did so without first obtaining consent of** (victim)**.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(b), Fla. Stat.*
**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific <u>person</u>individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data**

such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.

*Give as applicable.*
*§ 825.101(3), Fla. Stat.*
**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*§ 838.014(6), Fla. Stat.*
~~**"Public servant" means (a) Any officer or employee of a state, county, municipal, or special district agency or entity; (b) Any legislative or judicial officer or employee; (c) Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function; or (d) A candidate for election or appointment to any of the positions listed in this subsection, or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.**~~

*§ 838.014(7), Fla. Stat.*
**"Public servant" means any officer or employee of a governmental entity, including any executive, legislative, or judicial branch officer or employee.**

*Give if applicable. § 838.014(7)(b) and (7)(c), Fla. Stat.*
**"Public servant" also includes any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function or a candidate for election or appointment to any of these officer positions; or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.**

*§ 838.014(4), Fla. Stat.*

**"Governmental entity" means an agency or entity of the state, a county, municipality, or special district or any other public entity created or authorized by law.**

*§ 1.01(14), Fla. Stat.*

**"Veteran" means a person who served in the active military, naval, or air service and who was discharged or released under honorable conditions only or who later received an upgraded discharge under honorable conditions, notwithstanding any action by the United States Department of Veterans Affairs on individuals discharged or released with other than honorable discharges.**

*§ 125.01045(2), Fla. Stat.*

**"First responder" means a law enforcement officer, a firefighter, or an emergency medical technician or paramedic who is employed by the state or a local government. [A volunteer law enforcement officer, firefighter, or emergency medical technician or paramedic engaged by the state or a local government is also considered a first responder of the state or local government for purposes of this section.]**

*§ 943.10(10), Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

*§ 633.102(9), Fla. Stat.*

**"Firefighter" means an individual who holds a current and valid Firefighter Certificate of Compliance or Special Certificate of Compliance issued by the Division of State Fire Marshal within the Department of Financial Services.**

*§ 401.23(17), Fla. Stat.*

**"Paramedic"** means a person who is certified by the Department of Health to perform basic and advanced life support.

**Lesser Included Offenses**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [DISABLED ADULT] [PUBLIC SERVANT] [VETERAN] [FIRST RESPONDER] [STATE EMPLOYEE] [FEDERAL EMPLOYEE] — 817.568(11) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Fraudulent Use of Personal Identification Information | | 817.568(2)(a) | 20.13 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*The part of § 817.568(2)(a), Fla. Stat., that covers the defendant willfully and without authorization fraudulently using the victim's personal identification information is a necessary lesser included offense of this crime. However, the part of § 817.568(2)(a), Fla. Stat., that covers the defendant possessing personal identification information with intent to fraudulently use is not.

Both § 817.568(6), Fla. Stat., and § 817.568(11), Fla. Stat., criminalize Fraudulent Use of Personal Identification Information of a Person 60 Years of Age or Older. While both are second degree felonies, § 817.568(6), Fla. Stat., is listed in level 8 and § 817.568(11), Fla. Stat., is unlisted, which would make it a level 4, according to § 921.0023, Fla. Stat. If the State alleges that the defendant violated § 817.568(11), Fla. Stat., and that the victim was 60 years of age or older, the trial judge should instruct using the appropriate parts of Instruction 20.15.

There are two possible enhanced penalties for this crime. See § 817.568(5) and § 817.568(10), Fla. Stat. If one of these enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2015 [176 So. 3d 938] and amended in 2016.

**Involuntary Civil Commitment of Sexually Violent Predators**

**2.08 VERDICT AND SUBMITTING CASE TO JURY**

**In just a few moments you will be taken to the jury room by the [court deputy] [bailiff]. The first thing you should do is choose a foreperson who will preside over your deliberations. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. It is also the foreperson's job to sign and date the verdict form when all of you have agreed on a verdict and to bring the verdict form back to the courtroom when you return.**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].**

*Give if judge has allowed jurors to keep their electronic devices during the trial.*

**Many of you may have cell phones, tablets, laptops, or other electronic devices here in the courtroom. The rules do not allow you to bring your phones or any of those types of electronic devices into the jury room. Kindly leave those devices on your seats where they will be guarded by the [court deputy] [bailiff] while you deliberate.**

**If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. <u>If you have voted, do not disclose the actual vote in the note.</u> If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.**

*Give if applicable.*

**During the trial, [an item] [items] [was] [were] received into evidence as [an] exhibit[s]. You may examine whatever exhibit[s] you think will help you in your deliberations.**

*Give a or b as appropriate.*

a.     ~~{The[se] exhibit[s] will be sent into the jury room with you when you begin to deliberate.}~~

b.     ~~{If you wish to see an[y] exhibit[s], please request that in writing.}~~

**Before the respondent may be confined to a secure facility as a sexually violent predator, your verdict must be unanimous; that is, all of you must agree to the same verdict. The verdict must be the verdict of each juror as well as the jury as a whole.**

**If the verdict is not unanimous but a majority of the jury determines that the respondent is a sexually violent predator, the case may be retried before another jury.**

**If three or more jurors determine that the respondent is not proven to be a sexually violent predator [he] [she] will not be confined to a secure facility as a sexually violent predator and the case will not be retried before another jury.**

**The verdict must be in writing and for your convenience the necessary verdict form has been prepared for you.** *(Read and explain verdict form.)*

**In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.**

### Comments

Based upon § 394.917, Fla. Stat.; Florida Standard Jury Instruction (Criminal) 3.13, Submitting Case to Jury.

This instruction was adopted in 2000 [777 So. 2d 366] and amended in 2012 [95 So. 3d 868]~~, and~~ 2014 <u>[152 So. 3d 529], and 2016</u>.