PER CURIAM.
Bart Hamilton challenges his judgment and sentences for possession of cocaine and sale of cocaine. He argues that there was insufficient evidence upon which to base the convictions. We agree, and reverse the convictions and remand to the trial court with instructions to discharge Hamilton.
Detective Reed of the Pinellas County Sheriffs Department testified that he arranged to purchase sixty dollars’ worth of cocaine through a confidential informant. The informant contacted the seller, Terry Frasier, and arranged to meet him in a supermarket parking lot. Frasier pulled into the parking lot in a pickup truck with Hamilton in the front passenger seat. The informant parked his car on the passenger side of Frasier’s pickup truck so that the driver’s door of the car was next to the passenger door of the pickup. Detective Reed was sitting in the front passenger seat of the informant’s car. The informant rolled down his window and asked Frasier if he had the “stuff.” Frasier responded affirmatively and handed Hamilton a clear plastic baggie containing rock cocaine which Hamilton passed on to the informant. The informant then handed Hamilton sixty dollars in cash which Hamilton immediately passed on to Frasier. Neither Frasier, the informant, nor Detective Reed spoke to Hamilton. Hamilton said nothing during the entire transaction, and there had never been any mention of his name prior to the transaction taking place. When uniformed police officers stopped Frasier’s pickup truck several blocks from the supermarket parking lot, Frasier fled while Hamilton remained seated in the passenger seat. Hamilton was convicted after jury trial. He received a sentence of seven years’ imprisonment as a habitual offender on the sale-of-cocaine conviction and a concurrent five years in prison on the conviction for possession of cocaine. Hamilton was not sentenced as a habitual offender on the possession count.
We conclude that the mere fact that Hamilton passed the cocaine from one party to another party, where he was sitting between the two, did not establish that he had dominion and control over the cocaine and, therefore, did not support a conviction for possession of cocaine. Campbell v. State, 577 So.2d 932 (Fla. 1991), held that dominion and control is not established where a “defendant takes temporary possession of contraband, in the presence of the owner, for the sole purpose of verification or testing, and there is no other evidence from which dominion or control could be inferred.” Id. at 935. In the instant case, Hamilton’s “possession” of the cocaine was of an even more temporary and incidental nature than was the defendant’s in Campbell, and there was no evidence from which to infer that Hamilton was otherwise involved in the transaction. In fact, it would appear that Hamilton only handled the cocaine because the informant pulled up to the passenger side of the pickup truck rather than the driver’s side. We note that in 1992 the legislature added subsection (16) to the definitions outlined *495 in section 893.02. That subsection states: “ ‘Possession’ includes temporary possession for the purpose of verification or testing, irrespective of dominion and control.” However, this statutory exception to Campbell does not apply in the instant case, and the common law definition of possession still controls.
A defendant may commit the offense of sale of cocaine without ever being in possession of that cocaine. See State v. McCloud, 577 So.2d 939 (Fla.1991). Here, however, the evidence supporting Hamilton’s. conviction for sale of cocaine was based solely on his incidental and temporary possession of that cocaine. We conclude that, under the peculiar facts of this case, there was insufficient evidence to support the conviction for sale of cocaine. Accordingly, we reverse Hamilton’s convictions and remand to the trial court with instructions to discharge him.
PATTERSON, A.C.J., and SALCINES, J., and DANAHY, PAUL W., Senior Judge, Concur.