# Supreme Court of Florida

_____

No. SC17-1652
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-03.**

[March 8, 2018]
<u>**CORRECTED OPINION**</u>

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to standard jury instructions

16.10 (Possession of Material Including Sexual Conduct by a Child with Intent to

Promote) and 25.7 (Possession of a Controlled Substance).  The Committee

requests that the Court authorize for publication and use the amended standard

instructions.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee's proposals derive from a referral made by the Court,

requesting that the Committee "consider appointing a subcommittee of

prosecutors, defense lawyers, and judges to more thoroughly consider [the issue of

simplifying the possession instructions] and determine whether the criminal jury

instructions should be simplified."  Accordingly, the Committee created a

subcommittee of eleven persons, including district court of appeal judges, circuit court judges, prosecutors, and defense attorneys, with the Committee's Chair acting as chair of the subcommittee. The subcommittee unanimously agreed, and the Committee also agreed, that the existing explanation of "possession" in the standard criminal jury instructions should be simplified. Following receipt of the subcommittee's recommendations on amending the possession-related instructions, the Committee ultimately submitted to the Court its proposals to amend instructions 16.10 and 25.7.[1] We amend the instructions as proposed by the Committee, and significant amendments are discussed below.[2]

Instruction 16.10 is amended to include an explanation of "possession," which was not previously defined in the instruction, as follows:

> *Possession.*
> **To prove** (defendant) **possessed a[n] [photograph] [motion picture] [exhibition] [show] [representation] [presentation] that included sexual conduct by a child, the State must prove beyond a reasonable doubt that [he] [she] a) knew of the nature of the**

---

1. After the Court's referral to the Committee, the proposal to amend instruction 25.7 was published by the Committee, while the Court published the Committee's proposed amendments to instruction 16.10. One comment was received, pertaining to the proposal to amend instruction 25.7. The Committee chose the two instructions, one involving possession of material that contains sexual conduct by a child and one for offenses involving illegal drugs, for consideration by the Court, rather than proposing amendments to all possession-related instructions at one time. We appreciate the Committee's methodology in bringing this matter before the Court.

2. Minor, technical changes to the instructions are not elaborated upon.

**material in the [photograph] [motion picture] [exhibition] [show] [representation] [presentation] and b) intentionally exercised control over that [photograph] [motion picture] [exhibition] [show] [representation] [presentation].**

*Give if applicable.*
**Control can be exercised over an item whether the item is carried on a person, near a person, or in a completely separate location. Mere proximity to an item does not establish that the person intentionally exercised control over the item in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the item or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession may be sole or joint, that is, two or more persons may possess a[n] [photograph] [motion picture] [exhibition] [show] [representation] [presentation].**

With regard to instruction 25.7, the explanation for "possession" used in instruction 16.10 as amended is also added to instruction 25.7, with modifications applicable to an offense pertaining to a controlled substance. In addition, the definitions for "mixture," "possession," "actual possession," and "constructive possession" are removed, as is the inference for "exclusive control."

Having considered the Committee's report, the comment from attorney Richard Sanders, and the Committee's response, we authorize for publication and use amended instructions 16.10 and 25.7, as proposed, and as set forth in the appendix to this opinion.[3] New language is indicated by underlining, and deleted

_____

3. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org

language is indicated by struck-through type.  We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

---

/jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

# APPENDIX

## 16.10 POSSESSION OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD WITH INTENT TO PROMOTE
§ 827.071(4), Fla. Stat.

To prove the crime of Possession of Material including Sexual Conduct by a Child with Intent to Promote, the State must prove the following two elements beyond a reasonable doubt:

1. (Defendant) **possessed with intent to promote a[n] [photograph] [motion picture] [exhibition] [show] [representation] [presentation].**

2. **The [photograph] [motion picture] [exhibition] [show] [representation] [presentation] included, in whole or in part, sexual conduct by a child less than 18 years of age.**

**The possession of three or more copies of such [photograph] [motion picture] [exhibition] [show] [representation] [presentation] may justify a finding of an intent to promote if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.**

*Definitions.*
*Possession.*
**To prove** (defendant) **possessed a[n] [photograph] [motion picture] [exhibition] [show] [representation] [presentation] that included sexual conduct by a child, the State must prove beyond a reasonable doubt that [he] [she] a) knew of the nature of the material in the [photograph] [motion picture] [exhibition] [show] [representation] [presentation] and b) intentionally exercised control over that [photograph] [motion picture] [exhibition] [show] [representation] [presentation].**

*Give if applicable.*
**Control can be exercised over an item whether the item is carried on a person, near a person, or in a completely separate location. Mere proximity to an item does not establish that the person intentionally exercised control over the item in the absence of additional evidence. Control can be established by**

- 5 -

**proof that** (defendant) **had direct personal power to control the item or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession may be sole or joint, that is, two or more persons may possess a[n] [photograph] [motion picture] [exhibition] [show] [representation] [presentation].**

*§ 827.071(1)(d), Fla. Stat.*
**"Promote" means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same.**

*§ 827.071(1)(h), Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.**

*Give if applicable.*
**A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

*Give as applicable.*
*§ 827.071(1)(a), Fla. Stat.*
**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

*§ 827.071(1)(e), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.**

*§ 827.071(1)(f), Fla. Stat.*
**"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another**

by any other object; however, "sexual battery" does not include an act done for a bona fide medical purpose.

*§ 827.071(1)(g), Fla. Stat.*
"Sexual bestiality" means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*§ 827.071(1)(j), Fla. Stat.*
"Simulated" means the explicit depiction of "sexual conduct," as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.

**Lesser Included Offenses**

| POSSESSION OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD WITH INTENT TO PROMOTE — 827.071(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Knowing possession of a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, was known by defendant to include any sexual conduct by a child | | 827.071(5)(a) | 16.11 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2008 [995 So. 2d 489] and amended in 2018.

§ 893.13(6), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance ~~alleged~~) **is a controlled substance.**

**To prove the crime of Possession of a Controlled Substance, the State must prove the following [two] [three] ~~[four]~~ elements beyond a reasonable doubt:**

1.      (Defendant) ~~knew of the presence of~~<u>possessed</u> **a substance.**

~~2.      (Defendant) **exercised control or ownership over that substance.**~~

**3<u>2</u>.      The substance was** (specific substance ~~alleged~~)**.**

*§ 893.13(6)(b), Fla. Stat. Give if applicable.*
*The jury must make a finding as to weight if the defendant is charged with possessing more than 20 grams of cannabis.*
**4<u>3</u>.      The cannabis weighed more than 20 grams.**

*~~§ 893.13(6)(c), Fla. Stat. Give if applicable.~~*
*~~The jury must make a finding as to weight if the defendant is charged with violating § 893.13(6)(c), Fla. Stat.~~*
~~4.      **The** [(insert name of substance listed in 893.03(1)(a) or 893.03(1)(b)] **[combination of** (insert names of substances listed in 893.03(1)(a) or 893.03(1)(b)] **[mixture containing** (insert name of substance listed in 893.03(1)(a) or 893.03(1)(b)] **weighed more than 10 grams.**~~

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal**

**power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

*Definitions.*
*Give if applicable. Cannabis. §§ 893.02(3), 893.13(6)(b), Fla. Stat.*
*See Comment section for medical marijuana.*
**Cannabis means all parts of any plant of the genus *Cannabis*, whether growing or not, and the seeds thereof [but does not include any resin extracted from the plant].**

*Give if applicable. Mixture. § 893.02(16), Fla. Stat.*
~~**"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.**~~

*Possession.*
~~**There are two types of possession: actual possession and constructive possession.**~~

*Actual possession.*
~~**Actual possession means the person is aware of the presence of the substance and:**~~

~~**a.    The substance is in the hand of or on the person, or**~~

~~**b.    The substance is in a container in the hand of or on the person, or**~~

~~**c.    The substance is so close as to be within ready reach and is under the control of the person.**~~

*Constructive possession.*
~~**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**~~

*Give if applicable.*

~~**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**~~

*Give if applicable.*

~~**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**~~

*Joint possession.*

~~**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of a substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**~~

*Give if applicable. § 893.02(19), Fla. Stat.*

~~**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**~~

*Inference.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
~~**If you find that** (defendant)**:**~~

~~a.     **had direct physical custody of the substance, [or]**~~

~~b.     **was within ready reach of the substance and the substance was under [his] [her] control, [or]**~~

~~c.     **had exclusive control of the place where the substance was located,**~~

~~**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**~~

~~**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**~~

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to** (crime charged)**. You ~~are permitted~~may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] ~~knew of the presence of the substance and exercised control or ownership over the~~possessed the controlled substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Possession of a Controlled Substance.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Possession of a Controlled Substance.**

**Lesser Included Offenses**

| POSSESSION OF A CONTROLLED SUBSTANCE — 893.13(6) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Possession of Less than 20 Grams of Cannabis if the felony level of cannabis is charged | | 893.13(6)(b) | 25.7 |
| | Attempt | 777.04(1) | 5.1 |

| POSSESSION OF MORE THAN TEN GRAMS OF A CONTROLLED SUBSTANCE LISTED IN 893.13(1)(a) OR (1)(b) — 893.13(6)(c) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Possession of a controlled substance (listed in 893.13(1)(a) or (1)(b)) | | 893.13(6)(a) | 25.7 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*§ 893.21, Fla. Stat.*

A person acting in good faith who seeks medical assistance for an individual experiencing a drug-related overdose may not be prosecuted for Possession of a Controlled Substance if the evidence of the possession was obtained as a result of the person seeking medical assistance.

A special instruction is necessary when the defense is a mere involuntary or superficial possession. *See* cases such as *Hamilton v. State*, 732 So. 2d 493 (Fla. 2d DCA 1999) and *Sanders v. State*, 563 So. 2d 781 (Fla. 1st DCA 1990).

Starting in 2014, the Legislature passed laws pertaining to "medical cannabis" or "low-THC cannabis," which is excluded from the definition of "cannabis" in § 893.02(3), Fla. Stat.; is defined in § 381.986(1), Fla. Stat.; and must be manufactured, possessed, sold, purchased, delivered, distributed, or dispensed in conformance with § 381.986, Fla. Stat. A special instruction will be necessary in cases where a defendant relies on a cannabis-related prescription defense.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017 [216 So. 3d 497], and 2018.