# Supreme Court of Florida

———————

No. SC18-566

———————

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-03.**

September 27, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions.

We have jurisdiction and authorize the amendments to the instructions for

publication and use. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing instructions:

20.13 (Fraudulent Use or Possession with Intent to Fraudulently Use Personal

Identification Information); 20.14 (Harassment by Use of Personal Identification

Information); 20.15 (Fraudulent Use of Personal Identification Information of a

[Minor] [Person Sixty Years of Age or Older]); 20.16 (Fraudulent Use of Personal

Identification Information of a [Minor] [Person Sixty Years of Age or Older] by a

- 1 -

Parent, Guardian, or Person who Exercised Custodial Authority); 20.17 (Fraudulent Use or Possession with Intent to Fraudulently Use Personal Identification Information Concerning a [Deceased Individual] [Dissolved Business Entity]); 20.18 ([Fraudulent Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Counterfeit Personal Identification Information); and 20.21 (Fraudulent Use of Personal Identification Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder] [State Employee] [Federal Employee]).  The Committee published the proposals in the January 1, 2018, issue of *The Florida Bar News*.  No comments were received by the Committee pertaining to the proposals.  The more significant amendments to the instructions are discussed below.

Criminal jury instructions 20.13 (Fraudulent Use or Possession with Intent to Fraudulently Use Personal Identification Information), 20.14 (Harassment by Use of Personal Identification Information), 20.17 (Fraudulent Use or Possession with Intent to Fraudulently Use Personal Identification Information Concerning a [Deceased Individual] [Dissolved Business Entity]), and 20.18 ([Fraudulent Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Counterfeit Personal Identification Information) are amended to include a provision explaining the term "possession" that was previously authorized for

criminal jury instructions 16.10 and 25.7 in *In re Standard Jury Instructions in Criminal Cases—Report 2017-03*, 238 So. 3d 182 (Fla. 2018).

For all of the amended instructions, the Committee created a separate section for the reclassification provided in section 817.568(5), Florida Statutes (2017), which provides that if a crime under the statute was facilitated or furthered by the use of a public record, the crime is reclassified to a higher degree and raised by one level on the Criminal Punishment Code scoresheet. The Committee also included a separate section in all of the amended instructions for the reclassification provided in section 817.568(10), Florida Statutes (2017), which provides a one-level increment in the Criminal Punishment Code scoresheet for any person who, for the purpose of obtaining or using personal identification information, misrepresents himself or herself to be a law enforcement officer; an employee or representative of a bank, credit card company, credit counseling company, or credit reporting agency; or any person who wrongfully represents that he or she is seeking to assist the victim with a problem with the victim's credit history.

Having considered the Committee's report, the amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining; deleted language

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor

is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

---

discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

## 20.13 [FRAUDULENT USE <u>OF</u>] [OR] [POSSESSION WITH INTENT TO FRAUDULENTLY USE] PERSONAL IDENTIFICATION INFORMATION
§ 817.568(2), Fla. Stat.

**To prove the crime of [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Personal Identification Information, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **willfully and without authorization [fraudulently used] [possessed with intent to fraudulently use] personal identification information concerning** (victim)**.**

2. **[He] [She] did so without first obtaining the consent of** (victim)**.**

*Definitions. <u>Give as applicable.</u>*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception or both.**

*§ 817.568(1)(b), Fla. Stat.*
**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*§ 817.568(1)(e), Fla. Stat.*

**The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.**

*Possession.*

**To prove (defendant) "possessed personal identification information," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the personal identification information and b) intentionally exercised control over that personal identification information.**

**Control can be exercised over personal identification information whether the information is carried on a person, near a person, or in a completely separate location. Mere proximity to the personal identification information does not establish that the person intentionally exercised control over the personal identification information in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the personal identification information or the present ability to direct its control by another.**

*Joint Possession.*

**Possession of personal identification information may be sole or joint, that is, two or more persons may possess the personal identification information.**

*Enhanced penalty. Give if applicable.*
*Reclassifications.*
*Give only if applicable and only if Fraudulent Use is charged.*
*§ 817.568(2)(b) and (2)(c), Fla. Stat.*

**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that:**

*Give only if Fraudulent Use is charged.*
*§ 817.568(2), Fla. Stat.*

**a.** the pecuniary benefit, the value of the services received, the payment  sought to be avoided, or the amount of the injury or fraud perpetrated was **$5,000 or more.**

**b.** the pecuniary benefit, the value of the services received, the payment  sought to be avoided, or the amount of the injury or fraud perpetrated was **$50,000 or more.**

**c.** the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was **$100,000 or more.**

**d.** [he] [she] fraudulently used the personal identification information of **10 or more but fewer than 20 persons** without their consent.

**e.** [he] [she] fraudulently used the personal identification information of **20 or more but fewer than 30 persons** without their consent.

**f.** [he] [she] fraudulently used the personal identification information of **30 or more persons** without their consent.

*Give only if applicable but may be used if either Fraudulent Use or Possession with Intent to Fraudulently Use is charged.*
*§ 817.568(5), Fla. Stat. and § 119.011, Fla. Stat.*
**If you find** (defendant) **guilty of [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that the crime was facilitated or furthered by the use of a public record. "Public record" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.**

*Give a. and/or b. only if applicable but may be used if either Fraudulent Use or Possession with Intent to Fraudulently Use is charged.*
*§ 817.568(10), Fla. Stat.*

**If you find** (defendant) **guilty of [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that [he] [she], for the purpose of obtaining or using personal identification information,**

(defendant)**a.    misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].**

*§ 817.568(10), Fla. Stat.*
(defendant)**b.    wrongfully represented that [he] [she] was seeking to assist** (victim) **with** (victim's) **credit history.**

**Lesser Included Offenses**

| [FRAUDULENT USE OF] [OR] [POSSESSION WITH INTENT TO FRAUDULENTLY USE] PERSONAL IDENTIFICATION INFORMATION — 817.568(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None*Unlawful Possession of the Personal Identification Information of Another Person | | 817.5685* | 20.18(a)* |
| | Attempt | 777.04(1) | 5.1 |
| | Harassment by use of personal identification information | 817.568(4) | 20.14 |
| | Unauthorized possession of and other unlawful acts in relation to driver's license or identification card | 322.212 | |

**Comments**

<u>*It is unclear whether the courts will hold that a person charged solely with fraudulent use of personal identification information is necessarily charged with unlawful possession of personal identification information. In an abundance of caution, the Committee on Standard Jury Instructions in Criminal Cases put § 817.5685, Florida Statutes, in the Category One box.</u>

This instruction was adopted in 2008 [980 So. 2d 1056] and amended in 2016 <u>[202 So. 3d 830], and 2018.</u>

## 20.14 HARASSMENT BY USE OF PERSONAL IDENTIFICATION INFORMATION
§ 817.568(4), Fla. Stat.

**To prove the crime of Harassment by Use of Personal Identification Information, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **willfully and without authorization [possessed] [used] [attempted to use] personal identification information concerning** (victim)**.**

2.  **[He] [She] did so without first obtaining the consent of** (victim)**.**

3.  **[He] [She] did so with the purpose of harassing** (victim)**.**

*Definitions. <u>Give as applicable.</u>*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 817.568(1)(b), Fla. Stat.*
**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden**

- 9 -

name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.

*§ 817.568(1)(e), Fla. Stat.*
The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.

*§ 817.568(1)(c), Fla. Stat.*
"Harass" means to engage in conduct directed at a specific person that is intended to cause substantial emotional distress to such person and serves no legitimate purpose. "Harass" does not mean to use personal identification information for accepted commercial purposes and does not include constitutionally protected conduct such as organized protests.

*Possession.*
To prove (defendant) "possessed personal identification information," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the personal identification information and b) intentionally exercised control over that personal identification information.

Control can be exercised over personal identification information whether the information is carried on a person, near a person, or in a completely separate location.  Mere proximity to the personal identification information does not establish that the person intentionally exercised control over the personal identification information in the absence of additional evidence. Control can be established by proof that (defendant) had direct personal power to control the personal identification information or the present ability to direct its control by another.

*Joint Possession.*
**Possession of personal identification information may be sole or joint, that is, two or more persons may possess the personal identification information.**

*Reclassification. § 817.568(5), Fla. Stat. and § 119.011, Fla. Stat.*
**If you find** (defendant) **guilty of Harassment by Use of Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that the crime was facilitated or furthered by the use of a public record. "Public record" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.**

*Reclassification. § 817.568(10), Fla. Stat. Give a. and/or b. as applicable.*
**If you find** (defendant) **guilty of Harassment by Use of Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that [he] [she], for the purpose of obtaining or using personal identification information,**

    **a.**     **misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].**

    **b.**     **wrongfully represented that [he] [she] was seeking to assist** (victim) **with** (victim's) **credit history.**

**Lesser Included Offense**

| HARASSMENT BY USE OF PERSONAL IDENTIFICATION INFORMATION — 817.568(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO** |
| ~~None~~Unlawful Possession of Personal Identification Information of Another Person* | | 817.5685 | 20.18(a) |
| | Attempt (possession only) | 777.04(1) | 5.1 |
| | Unauthorized possession of and other unlawful acts in relation to driver's license or identification card | 322.212 | |

**Comments**

*It is unclear whether the courts will hold that a person charged solely with using personal identification information of another without consent is necessarily charged with unlawful possession of personal identification information. Also, if a person is charged solely with attempted use of personal identification information, unlawful possession of personal identification information may or may not be a Category One lesser depending on the facts of the case. In an abundance of caution, the Committee on Standard Jury Instructions in Criminal Cases put § 817.5685, Florida Statutes, in the Category One box.

~~There are two possible enhanced penalties for this crime. See § 817.568(5), and § 817.568(10), Fla. Stat. If one of those enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.~~

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2016 [202 So. 3d 830], and 2018.

- 12 -

## 20.15 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON SIXTY YEARS OF AGE OR OLDER]
§ 817.568(6), Fla. Stat.

**To prove the crime of Fraudulent Use of Personal Identification Information of a [Minor] [Person Sixty Years of Age or Older], the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **willfully and without authorization fraudulently used personal identification information concerning** (victim)**.**

2.  **At the time,** (victim) **was [younger than 18 years of age] [60 years of age or older].**

3.  (Defendant) **did so without first obtaining the consent of** (victim) **[or [his] [her] legal guardian].**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(b), Fla. Stat.*
**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record,**

telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.

*§ 817.568(1)(e), Fla. Stat.*
The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.

*Reclassification. § 817.568(5), Fla. Stat. and § 119.011, Fla. Stat.*
**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information of a [Minor] [Person Sixty Years of Age or Older], you must then determine whether the State has further proved beyond a reasonable doubt that the crime was facilitated or furthered by the use of a public record. "Public record" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.**

*Reclassification. § 817.568(10), Fla. Stat. Give a. and/or b. as applicable.*
**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information of a [Minor] [Person Sixty Years of Age or Older], you must then determine whether the State has further proved beyond a reasonable doubt that [he] [she], for the purpose of obtaining or using personal identification information,**

    **a.** **misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].**

    **b.** **wrongfully represented that [he] [she] was seeking to assist** (victim) **with** (victim's) **credit history.**

## Lesser Included Offense

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON SIXTY YEARS OF AGE OR OLDER — 817.568(6) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Fraudulent Use of Personal Identification Information | | 817.568(2)(a) | 20.13 |
| *Unlawful Possession of the Personal Identification Information of Another Person | | 817.5685 | 20.18(a) |
| | Attempt | 777.04(1) | 5.1 |
| | Unauthorized possession of and other unlawful acts in relation to driver's license or identification card | 322.212 | |

## Comments

*The part of § 817.568(2)(a), Fla. Stat., that covers the defendant willfully and without authorization fraudulently using the victim's personal identification information is a necessary lesser included offense of this crime. However, the part of § 817.568(2)(a), Fla. Stat. that covers the defendant possessing personal identification information with intent to fraudulently use is notit is unclear whether the courts will hold that someone charged solely with fraudulent use of personal identification information is necessarily charged with possession with intent to fraudulently use personal identification information or unlawful possession of personal identification information. In an abundance of caution, the Committee on Standard Jury Instructions in Criminal Cases put all of § 817.568(2)(a), Fla. Stat., and § 817.5685, Fla. Stat., in the Category One box.

There are two possible enhanced penalties for this crime. See § 817.568(5), and § 817.568(10), Fla. Stat. If one of those enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2015 [176 So. 3d 938], and 2016 [202 So. 3d 830], and 2018.

## 20.16 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER] BY A PARENT, LEGAL GUARDIAN, OR PERSON WHO EXERCISED CUSTODIAL AUTHORITY
§ 817.568(7), Fla. Stat.

To prove the crime of Fraudulent Use of Personal Identification Information of a [Minor] [Person 60 Years of Age or Older] by a [Parent] [Legal Guardian] [or] [Person who Exercised Custodial Authority], the State must prove the following three elements beyond a reasonable doubt:

1. (Defendant) **willfully and fraudulently used personal identification information concerning** (victim)**.**

2. **At the time,** (victim) **was [younger than 18 years of age] [60 years of age or older].**

3. (Defendant) **was [the parent of] [the legal guardian of] [exercised custodial authority over]** (victim) **at the time.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification**

**number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*§ 817.568(1)(e), Fla. Stat.*
**The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.**

*Reclassification. § 817.568(5), Fla. Stat. and § 119.011, Fla. Stat.*
**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information of a [Minor] [Person Sixty Years of Age or Older] By A [Parent] [Legal Guardian] [Person Who Exercised Custodial Authority], you must then determine whether the State has further proved beyond a reasonable doubt that the crime was facilitated or furthered by the use of a public record. "Public record" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.**

*Reclassification. § 817.568(10), Fla. Stat. Give a. and/or b. as applicable.*
**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information of a [Minor] [Person Sixty Years of Age or Older] By A [Parent] [Legal Guardian] [Person Who Exercised Custodial Authority], you must then determine whether the State has further proved beyond a reasonable doubt that [he] [she], for the purpose of obtaining or using personal identification information,**

a. **misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].**

b. **wrongfully represented that [he] [she] was seeking to assist** (victim) **with** (victim's) **credit history.**

**Lesser Included Offense**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER] BY A [PARENT] [LEGAL GUARDIAN] [PERSON WHO EXERCISED CUSTODIAL AUTHORITY] — 817.568(7) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Fraudulent Use of Personal Identification Information | 817.568(2)(a) | 20.13 |
| | Unlawful Possession of Personal Identification Information of Another | 817.5685 | 20.18(a) |
| | Unauthorized possession of and other unlawful acts in relation to driver's license or identification card | 322.212 | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

There are two possible enhanced penalties for this crime. § 817.568(5), Fla. Stat. and § 817.568(10), Fla. Stat. If one of these enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2015 [176 So. 3d 938], and 2016 [202 So. 3d 830], and 2018.

**20.17 [FRAUDULENT USE OF] [OR] [POSSESSION WITH INTENT TO FRAUDULENTLY USE] PERSONAL IDENTIFICATION INFORMATION CONCERNING A [DECEASED INDIVIDUAL] [DISSOLVED BUSINESS ENTITY]**
§ 817.568(8), Fla. Stat.

**To prove the crime of [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Personal Identification Information Concerning a [Deceased Individual] [Dissolved Business Entity], the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **[willfully and fraudulently used] [possessed with intent to fraudulently use] personal identification information concerning** (victim)**.**

2.      **At the time,** (victim) **was a [deceased individual] [dissolved business entity].**

*Definitions. Give as applicable.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception or both.**

*§ 817.568(1)(d), Fla. Stat.*
**"Individual" means a single human being and does not mean a firm, association of individuals, corporation, partnership, joint venture, sole proprietorship, or any other entity.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person or dissolved business entity, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number,**

**address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*Possession.*
**To prove (defendant) "possessed personal identification information," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the personal identification information and b) intentionally exercised control over that personal identification information.**

**Control can be exercised over personal identification information whether the information is carried on a person, near a person, or in a completely separate location.  Mere proximity to the personal identification information does not establish that the person intentionally exercised control over the personal identification information in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the personal identification information or the present ability to direct its control by another.**

*Joint Possession.*
**Possession of personal identification information may be sole or joint, that is, two or more persons may possess the personal identification information.**

*Enhanced penalty. Give if applicable.*
*Reclassifications.*
*Give only if applicable and only if Fraudulent Use is charged.*
*§ 817.568(8)(b) and (8)(c), Fla. Stat.*
**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information of a [Deceased Individual] [Dissolved Business Entity], you must then determine whether the State has further proved beyond a reasonable doubt that:**

*Give only if Fraudulent Use is charged.*
*§ 817.568(8), Fla. Stat.*
**a.    the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was $5,000 or more.**

**b.**    the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was **$50,000 or more.**

**c.**    the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated was **$100,000 or more.**

**d.**    [he] [she] fraudulently used the personal identification information of 10 or more but fewer than 20 [deceased individuals] [dissolved business entities].

**e.**    [he] [she] fraudulently used the personal identification information of 20 or more but fewer than 30 [deceased individuals] [dissolved business entities].

**f.**    [he] [she] fraudulently used the personal identification information of 30 or more [deceased individuals] [dissolved business entities]

*Give only if applicable but may be used if either Fraudulent Use or Possession with Intent to Fraudulently Use is charged.*
*§ 817.568(5), Fla. Stat. and § 119.011, Fla. Stat.*
**If you find** (defendant) **guilty of [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that the crime was facilitated or furthered by the use of a public record. "Public record" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.**

*Give a. and/or b. only if applicable but may be used if either Fraudulent Use or Possession with Intent to Fraudulently Use is charged.*
*§ 817.568(10), Fla. Stat.*
**If you find** (defendant) **guilty of [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that [he] [she], for the purpose of obtaining or using personal identification information,**

(defendant)**a.___ misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].**

*§ 817.568(10), Fla. Stat.*
(defendant)**b.___ wrongfully represented that [he] [she] was seeking to assist** (victim) **with** (victim's) **credit history.**

**Lesser Included Offense**

| [FRAUDULENT USE OF] [OR] [POSSESSION WITH INTENT TO FRAUDULENTLY USE] PERSONAL IDENTIFICATION INFORMATION CONCERNING A [DECEASED INDIVIDUAL] [DISSOLVED BUSINESS ENTITY] — 817.568(8) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Unlawful Possession of Personal Identification Information of Another | 817.5685 | 20.18(a) |
| | Unauthorized possession of and other unlawful acts in relation to driver's license or identification card | 322.212 | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2008 [980 So. 2d 1056] and amended in 2016 [202 So. 3d 830] and 2018.

**20.18 [FRAUDULENT CREATION OF] [FRAUDULENT USE OF] [POSSESSION WITH INTENT TO FRAUDULENTLY USE] COUNTERFEIT PERSONAL IDENTIFICATION INFORMATION**
§ 817.568(9), Fla. Stat.

To prove the crime of [Fraudulent Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Counterfeit Personal Identification Information, the State must prove the following three elements beyond a reasonable doubt:

1.    (Defendant) **willfully and fraudulently [created] [used] [possessed with intent to fraudulently use] counterfeit or fictitious personal identification information.**

*Give 2a or 2b as applicable.*
2.    a.    **The personal identification information concerned a fictitious individual.**

      b.    **The personal identification information concerned a real individual whose consent had not first been obtained.**

3.    **[He] [She] did so with intent to <u>use the counterfeit or fictitious personal identification information to</u> commit or <u>to</u> facilitate the commission of a fraud on another person.**

*Definitions.  Give as applicable.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit**

authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.

*§ 817.568(1)(g), Fla. Stat.*
**"Counterfeit or fictitious personal identification information" means any counterfeit, fictitious or fabricated information in the similitude of the data just defined to you that, although not truthful or accurate, would in context lead a reasonably prudent person to credit its truthfulness and accuracy.**

*§ 817.568(1)(e), Fla. Stat.*
**The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.**

*Possession.*
**To prove (defendant) "possessed counterfeit or fictitious personal identification information," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the personal identification information and b) intentionally exercised control over that personal identification information.**

**Control can be exercised over personal identification information whether the information is carried on a person, near a person, or in a completely separate location. Mere proximity to the personal identification information does not establish that the person intentionally exercised control over the personal identification information in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the personal identification information or the present ability to direct its control by another.**

*Joint Possession.*
**Possession of personal identification information may be sole or joint, that is, two or more persons may possess the personal identification information.**

*Reclassification. § 817.568(5), Fla. Stat. and § 119.011, Fla. Stat.*
**If you find** (defendant) **guilty of [Fraudulent Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Counterfeit Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that the crime was facilitated or furthered by the use of a public record. "Public record" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.**

*Reclassification. § 817.568(10), Fla. Stat. Give a. and/or b. as applicable.*
**If you find** (defendant) **guilty of [Fraudulent Creation of] [Fraudulent Use of] [Possession with Intent to Fraudulently Use] Counterfeit Personal Identification Information, you must then determine whether the State has further proved beyond a reasonable doubt that [he] [she], for the purpose of obtaining or using personal identification information,**

a. **misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].**

b. **wrongfully represented that [he] [she] was seeking to assist** (victim) **with** (victim's) **credit history.**

**Lesser Included Offense**

| FRAUDULENT CREATION, USE OR POSSESSION OF COUNTERFEIT PERSONAL IDENTIFICATION INFORMATION — 817.568(9) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Unlawful Possession of Personal Identification Information of Another Person | 817.5685 | |
| | Unauthorized possession of and other unlawful acts | 322.212 | |

- 25 -

| | | | |
|---|---|---|---|
| | in relation to driver's license or identification card | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

~~There are two possible enhanced penalties for this crime. See § 817.568(5), and § 817.568(10), Fla. Stat. If one of those enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.~~

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2016 [202 So. 3d 830] and 2018.

## 20.21 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [DISABLED ADULT] [PUBLIC SERVANT] [VETERAN] [FIRST RESPONDER] [STATE EMPLOYEE] [FEDERAL EMPLOYEE]
§ 817.568(11), Fla. Stat.

**To prove the crime of Fraudulent Use of Personal Identification Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder] [State Employee] [Federal Employee], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **willfully and without authorization fraudulently used personal identification information concerning** (victim)**.**

2. **At the time,** (victim) **was [a disabled adult] [a public servant] [a veteran] [a first responder] [a state employee] [a federal employee].**

3. (Defendant) **did so without first obtaining consent of** (victim)**.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(b), Fla. Stat.*

**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*

**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*Give as applicable.*
*§ 825.101(3), Fla. Stat.*

**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*§ 838.014(7), Fla. Stat.*

**"Public servant" means any officer or employee of a governmental entity, including any executive, legislative, or judicial branch officer or employee.**

*Give if applicable. § 838.014(7)(b) and (7)(c), Fla. Stat.*

**"Public servant" also includes any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function or a candidate for election or appointment to any of these officer positions; or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.**

*§ 838.014(4), Fla. Stat.*

**"Governmental entity" means an agency or entity of the state, a county, municipality, or special district or any other public entity created or authorized by law.**

*§ 1.01(14), Fla. Stat.*

**"Veteran" means a person who served in the active military, naval, or air service and who was discharged or released under honorable conditions only or who later received an upgraded discharge under honorable conditions, notwithstanding any action by the United States Department of Veterans Affairs on individuals discharged or released with other than honorable discharges.**

*§ 125.01045(2), Fla. Stat.*

**"First responder" means a law enforcement officer, a firefighter, or an emergency medical technician or paramedic who is employed by the state or a local government. [A volunteer law enforcement officer, firefighter, or emergency medical technician or paramedic engaged by the state or a local government is also considered a first responder of the state or local government for purposes of this section.]**

*§ 943.10(10), Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

*§ 633.102(9), Fla. Stat.*

**"Firefighter" means an individual who holds a current and valid Firefighter Certificate of Compliance or Special Certificate of Compliance issued by the Division of State Fire Marshal within the Department of Financial Services.**

*§ 401.23(17), Fla. Stat.*

**"Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.**

*Reclassification. § 817.568(5), Fla. Stat. and § 119.011, Fla. Stat.*

**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder] [State Employee] [Federal Employee], you must then determine whether the State has further proved beyond a reasonable doubt that the crime was facilitated or furthered by the use of a public record. "Public record" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.**

*Reclassification. § 817.568(10), Fla. Stat. Give a. and/or b. as applicable.*

**If you find** (defendant) **guilty of Fraudulent Use of Personal Identification Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder] [State Employee] [Federal Employee], you must then determine whether the State has further proved beyond a reasonable doubt that [he] [she], for the purpose of obtaining or using personal identification information,**

a. **misrepresented [himself] [herself] to be [a law enforcement officer] [an employee or representative of a bank, credit card company, credit counseling company or credit reporting agency].**

b. **wrongfully represented that [he] [she] was seeking to assist** (victim) **with** (victim's) **credit history.**

**Lesser Included Offenses**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [DISABLED ADULT] [PUBLIC SERVANT] [VETERAN] [FIRST RESPONDER] [STATE EMPLOYEE] [FEDERAL EMPLOYEE] — 817.568(11) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Fraudulent Use of Personal Identification Information | | 817.568(2)(a) | 20.13 |
| *Unlawful Possession of Personal Identification Information of Another | | 817.5685 | 20.18(a) |
| | Unauthorized possession of and other unlawful acts in relation to driver's license or identification card | 322.212 | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*The part of § 817.568(2)(a), Fla. Stat., that covers the defendant willfully and without authorization fraudulently using the victim's personal identification information is a necessary lesser included offense of this crime. However, ~~the part of § 817.568(2)(a), Fla. Stat., that covers the defendant possessing personal identification information with intent to fraudulently use is not not~~it is unclear whether the courts will hold that someone charged with fraudulent use of personal identification information is necessarily charged with possession with intent to fraudulently use personal identification information or unlawful possession of personal identification information. In an abundance of caution, the Committee on Standard Jury Instructions in Criminal Cases put all of § 817.568(2)(a), Fla. Stat., and § 817.5685, Fla. Stat., in the Category One box.

Both § 817.568(6), Fla. Stat., and § 817.568(11), Fla. Stat., criminalize Fraudulent Use of Personal Identification Information of a Person 60 Years of Age or Older. While both are second degree felonies, § 817.568(6), Fla. Stat., is listed in level 8 and § 817.568(11), Fla. Stat., is unlisted, which would make it a level 4, according to § 921.0023, Fla. Stat. If the State alleges that the defendant violated § 817.568(11), Fla. Stat., and that the victim was 60 years of age or older, the trial judge should instruct using the appropriate parts of Instruction 20.15.

There are two possible enhanced penalties for this crime. See § 817.568(5) and § 817.568(10), Fla. Stat. If one of these enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2015 [176 So. 3d 938] and amended in 2016 [202 So. 3d 830] and 2018.